**MINTZ & GOLD LLP, Plaintiff–Appellee–Cross–Appellant,**

v.

**Fred A. DAIBES, Defendant–Appellant–Cross–Appellee.**

**Nos. 15–1831 (L), 15–1943 (XAP).**

United States Court of Appeals, Second Circuit.

March 16, 2016.

Steven G. Mintz, Mintz & Gold LLP, New York, NY, for Plaintiff–Appellee/Cross–Appellee.

Richard J. Abrahamsen, New York, NY, for Defendant–Appellant/Cross–Appellant.

Present: ROBERT A. KATZMANN, Chief Judge, ROBERT D. SACK and RAYMOND J. LOHIER, JR., Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Fred A. Daibes appeals the district court's imposition of sanctions in the amount of $10,000 on Daibes' counsel, Richard J. Abrahamsen. We assume the parties' familiarity with the underlying facts, procedural history, and the issues on appeal.

We review orders imposing Rule 11 sanctions for abuse of discretion. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 409, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 387 (2d Cir.2003). Underlying factual findings are reviewed for clear error. *Friends of Animals Inc. v. U.S. Surgical Corp.*, 131 F.3d 332, 334 (2d Cir. 1997). "We have noted that this deferential standard gives recognition to the premise that the district court is better situated than the court of appeals to marshal the pertinent facts and apply the fact-dependent legal standard that informs its determination as to whether sanctions are warranted." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 333 (2d Cir. 1999) (internal quotation marks omitted).

Our review of the record and relevant case law shows that the district court properly imposed Rule 11 sanctions on Daibes' counsel. We therefore affirm the district court's judgment for substantially the same reasons stated by the district court in its thorough and well-reasoned opinion and order.

We have considered all of Daibes' arguments on this appeal and find that they lack merit. For the reasons given, we **AFFIRM** the judgment of the district court.